
MANDATE
14-4284
*United States v. Beckett*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of June, two thousand fifteen.

PRESENT: ROBERT D. SACK,
RICHARD C. WESLEY,
PETER W. HALL,
   *Circuit Judges*.

UNITED STATES OF AMERICA,

   *Appellee*,

-v.-          No. 14-4284

CARTENSE A. BECKETT, AKA ALPHONSO C. BECKETT,

   *Defendant - Appellant*.

FOR APPELLANT:  MEGAN WOLFE BENETT, Kreindler & Kreindler LLP (Joyce C. London, Law Office of Joyce London, P.C., *on the brief*), New York, NY.

MANDATE ISSUED ON 07/08/2015

| | |
|---|---|
| FOR APPELLEE: | HARRIS FISCHMAN (Margaret Garnett, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from the United States District Court for the Southern District of New York (Pauley, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment and sentence of the district court be and hereby are **AFFIRMED**.

Defendant-Appellant Cartense Beckett appeals from the district court's imposition of a new fourteen-month term of supervised release.[1] Beckett argues that his sentence is substantively unreasonable in light of his continued alcohol treatment and his significant contributions to the welfare of his family. However, the sentence imposed in this case was not substantively unreasonable because Beckett had violated his supervised release in a way that the district court described as "contemptuous" [J.A. at 35], and the sentence was not "shockingly high . . . or otherwise unsupportable as a matter of law," *United*

---

[1] "Substantive reasonableness is . . . reviewed for abuse of discretion[.]" *United States v. Desnoyers*, 708 F.3d 378, 385 (2d Cir. 2013). In addition, "[b]ecause a determination of whether the district court improperly considered the defendant's [sex] is a pure question of law, we review this aspect of the sentencing *de novo*." *United States v. Kaba*, 480 F.3d 152, 156-57 (2d Cir. 2007).

2

*States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).  Beckett's argument that the district court violated the Equal Protection Clause when fashioning Beckett's sentence is not supported by the record.

    We have considered all of Beckett's remaining arguments and conclude that they are without merit.  For the reasons stated above, the judgment and sentence of the district court are **AFFIRMED**.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3